**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| AMERICAN PATENTS LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>LG ELECTRONICS INC.,<br>LG ELECTRONICS U.S.A., INC.,<br>LG ELECTRONICS MOBILECOMM U.S.A.,<br>INC., and<br>LG ELECTRONICS ALABAMA, INC.<br><br>*Defendants*. | Civil Action No. 4:18-cv-673-ALM |

**DEFENDANTS' MOTION TO DISMISS**
**PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

## **TABLE OF CONTENTS**

I.  INTRODUCTION ................................................................................................................ 1

II.  FACTUAL BACKGROUND ............................................................................................. 2

III.  LEGAL STANDARDS ..................................................................................................... 3

   A.  Motions to Dismiss Under Rule 12(b)(6) .................................................................. 3

   B.  Patent Eligible Subject Matter .................................................................................. 3

   C.  Direct Patent Infringement ........................................................................................ 4

   D.  Indirect Patent Infringement ..................................................................................... 5

      1. Active Inducement .................................................................................................. 5

      2. Contributory Infringement ..................................................................................... 5

IV.  ARGUMENT ..................................................................................................................... 6

   A.  The Complaint Fails to State a Plausible Claim for Infringement of the Maria Patents. ...... 6

      1. Plaintiff's Threadbare Allegations in the Complaint are Inadequate.................... 6

      2. Plaintiff's Direct Infringement Claim Fails as a Matter of Law. .......................... 8

      3. The Complaint Does Not Include Any Facts to Show the Accused Products, as Sold by LGE, Directly Infringe.................................................................................. 9

   B.  The Complaint Fails to State a Plausible Claim for Infringement of the Wells Patents...... 10

      1. Plaintiff's Threadbare Allegations in the Complaint are Inadequate................... 10

      2. The Claims are Patent Ineligible Under 35 U.S.C. § 101. ................................... 12

   C.  The Complaint Fails to State Any Plausible Claim for Indirect Infringement. .................. 14

      1. Plaintiff's Generic Induced and Contributory Infringement Claims Fail to Meet Pleading Requirements and Should be Dismissed.................................................. 14

      2. At a Minimum, Plaintiff's Indirect Infringement Claims Directed to Pre-Suit Conduct Should be Dismissed................................................................................. 17

   D.  The Complaint Fails to State a Plausible Claim for Willful Infringement of Any Asserted Patent.................................................................................................................. 18

V.  CONCLUSION ................................................................................................................. 20

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Akamai Techs., Inc. v. Limelight Networks, Inc.*,
    797 F.3d 1020 (Fed. Cir. 2015)............................................................................5, 9, 10

*Alice Corp. Pty. Ltd. v. CLS Bank International*,
    134 S. Ct. 2347 (2014)..............................................................................2, 4, 12, 13

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)........................................................................................ *passim*

*Babbage Holdings, LLC v. Activision Blizzard, Inc.*,
    Civ. No. 2:13-750-JRG, 2014 WL 2115616 (E.D. Tex. May 15, 2014) ...................................18

*Bell Atlantic Corporation v. Twombly*,
    550 U.S. 544 (2007)....................................................................................1, 2, 3, 18

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
    681 F.3d 1323 (Fed. Cir. 2012)...............................................................................5

*In re Bilski*,
    545 F.3d 943 (Fed. Cir. 2008)................................................................................3

*Cellular Commc'ns Equip. v. AT&T Inc.*,
    No. 2:15-cv-00576-RWS-RSP, 2017 WL 2984074 (E.D. Tex. June 27, 2017).........................14

*CyberSource Corp. v. Retail Decisions, Inc.*,
    654 F.3d 1366 (Fed. Cir. 2011)..............................................................................13

*Disc Disease Solutions Inc. v. VGH Solutions, Inc.*,
    888 F.3d 1256 (Fed. Cir. 2018)...........................................................................7, 8

*DSU Med. Corp. v. JMS Co., Ltd.*,
    471 F.3d 1293 (Fed. Cir. 2006)...............................................................................5

*Elec. Power Grp., LLC v. Alstom S.A.*,
    830 F.3d 1350 (Fed. Cir. 2016)..........................................................................13, 14

*Ericsson, Inc. v. D-Link Systems, Inc.*,
    773 F.3d 1201 (Fed. Cir. 2014)...............................................................................9

*Global-Tech Appliances, Inc. v. SEB S.A.*,
    563 U.S. 754 (2011)............................................................................................5

*Halo Elec., Inc. v. Pulse Elec., Inc.,*
136 S. Ct. 1923 (2016) ................................................................................19

*Immersion Corp. v. Fitbit, Inc.,*
313 F. Supp. 3d 1005 (N.D. Cal. 2018) ..............................................13, 14

*Internet Patents Corp. v. Active Network, Inc.,*
790 F.3d 1343 (Fed. Cir. 2015) .....................................................................4

*Mayo Collaborative Services v. Prometheus Labs, Inc.,*
566 U.S. 66 (2012) ....................................................................................2, 4

*Ormco Corp. v. Align Tech., Inc.,*
463 F.3d 1299 (Fed. Cir. 2006) .....................................................................9

*In re TLI Commc'ns LLC Patent Litig.,*
823 F.3d 607 (Fed. Cir. 2016) .......................................................................4

*Uniloc USA, Inc. v. ADP, LLC,*
279 F. Supp. 3d 736 (E.D. Tex. 2017) .....................................................4, 14

*Varian Med. Sys., Inc. v. Elekta AB,*
C.A. No. 15-871-LPS, 2016 WL 3748772 (D. Del. July 12, 2016) ...........19

*Vita–Mix Corp. v. Basic Holding, Inc.,*
581 F.3d 1317 (Fed. Cir. 2009) .....................................................................5

**Statutes**

35 U.S.C. § 101 ................................................................................ *passim*

35 U.S.C. § 271(a) ....................................................................1, 4, 5, 8

35 U.S.C. § 271(b) ........................................................................................5

35 U.S.C. § 271(c) ..............................................................................5, 16, 17

**Other Authorities**

Fed. R. Civ. P. 8(a) ......................................................................................3

Fed. R. Civ. P. 12(b)(6).......................................................................1, 3, 4, 20

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants LG Electronics Inc. ("LGEKR"), LG Electronics U.S.A., Inc. ("LGEUS"), and LG Electronics Alabama, Inc. ("LGEAl") (collectively "LGE")[1] move to dismiss Plaintiff's Original Complaint for Patent Infringement. D.I. 1.

## I.    INTRODUCTION

Plaintiff American Patents LLC ("American Patents" or "Plaintiff") alleges infringement of method claims in U.S. Patent Nos. 7,373,655 ("'655 patent") and 7,934,090 ("'090 patent"). The '655 and '090 patents are related, listing Arturo Maria as the inventor, and are collectively referred to as the "Maria patents." The complaint also alleges infringement of claims in U.S. Patent Nos. 8,668,584 ("'584 patent"), 9,116,543 ("'543 patent"), and 9,606,674 ("'674 patent"). The '584, '543, and '674 patents are related, listing William R. Wells as the inventor, and are collectively referred to as the "Wells patents." Plaintiff's complaint should be dismissed for numerous reasons.

With respect to the Maria patents, the complaint fails to meet the pleading standards of *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 687 (2009). The complaint: merely recites claim limitations in conclusory fashion, fails to allege sufficient factual matter that, if accepted as true, would make out a plausible claim for patent infringement, and fails to convey how the accused products are believed to infringe the claims. Moreover, the complaint fails to state a plausible claim for direct infringement of the Maria patents under 35 U.S.C. § 271(a) because the mere sale of a device cannot, as a matter of law, directly infringe a claim to a method of using the device. The direct infringement allegations of the Maria patents also fail because the accused LG G Series devices, as sold by LGE, do not include the

---

[1]  On August 1, 2018, LG Electronics Mobilecomm U.S.A., Inc. ("LGEMU") merged into its former parent company LGEUS so that after and as a result of the merger, LGEMU no longer exists as a separate entity. Consequently, LGE intends to file a separate a motion seeking to dismiss LGEMU.

features relied upon in the complaint—the Google Home application and a separate Google Chromecast device.  Further, LGE and users are not in a joint enterprise, LGE does not direct or control any users' independent, subsequent decisions to download, purchase, and use those features as depicted in the complaint. Moreover, the complaint is devoid of any such allegations.  Thus, the complaint fails to plausibly allege that the accused devices directly infringe the Maria patents.

With respect to the Wells patents, the complaint fails to state a claim for which relief can be granted and the patent claims are ineligible under 35 U.S.C. § 101. The Wells patent claims are invalid under the two-part test established by the Supreme Court in *Mayo Collaborative Services v. Prometheus Labs, Inc.*, 566 U.S. 66 (2012) and *Alice Corp. Pty. Ltd. v. CLS Bank International*, 134 S. Ct. 2347 (2014). First, the claims are merely directed to an abstract idea--receiving and processing sensor data.  Second, the claims do not contain an inventive concept.

As to all asserted patents, the complaint fails to state a plausible claim for relief with regard to active inducement and contributory infringement. The complaint's allegations of indirect infringement are conclusory statements that do not suffice under *Iqbal* and *Twombly* and should be dismissed. Similarly, the complaint's allegations of willful infringement are both implausible and unsupported. American Patents accuses LGE of having a policy of blinding itself to others' patent rights, but provides no support for its offensive claim.  Such unsupported allegations are precisely what *Iqbal* and *Twombly* were designed to prohibit.

Accordingly, LGE respectfully requests the Court dismiss Plaintiff's complaint.

## II.    FACTUAL BACKGROUND

American Patents is a Texas limited liability company based in Tyler, Texas.  D.I. 1 at ¶ 1. Plaintiff asserted the Maria patents in eleven complaints and the Wells patents in two complaints in this district against electronics companies that manufacture or sell accused products. The complaint in this case was filed on September 24, 2018, and alleges that LGE infringes claims of the Maria and

Wells patent families by selling its G Series smartphones.  According to the complaint, the G Series devices infringe the Maria patents by "allow[ing] for initiation and/or control of Internet streamed content." D.I. 1 at ¶¶18, 30.  The G Series devices are alleged to infringe the Wells patents by "allow[ing] for advanced virtual input."  D.I. 1 at ¶¶ 41, 52, 63. On October 18, 2018, American Patents filed an agreed motion to extend the time to December 28, 2018 for LGE to move, answer, or otherwise respond to American Patents' complaint, and the Court granted the motion on October 22, 2018. In lieu of answering the complaint, LGE moves to dismiss the complaint for failure to state a claim.

## III.   LEGAL STANDARDS

### A.   Motions to Dismiss Under Rule 12(b)(6)

A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  This means a complaint must allege sufficient facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  To survive a motion to dismiss for failure to state a claim, a plaintiff must plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id.* at 555.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 687.

### B.   Patent Eligible Subject Matter

"Whoever invents or discovers any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof, may obtain a patent therefor, subject to the conditions and requirements of this title." 35 U.S.C. § 101. Patentability is a question of law and a "threshold inquiry." *In re Bilski*, 545 F.3d 943, 950-51 (Fed. Cir. 2008). Patent eligibility under § 101 is further suitable for resolution on a motion to dismiss for failure to state a

claim under Rule 12(b)(6).  *In re TLI Commc'ns LLC Patent Litig*., 823 F.3d 607, 610 (Fed. Cir. 2016).

A two-step analysis is followed to determine patent eligibility under § 101.  *See Alice*, 134 S. Ct. at 2355. In the first step, a court must determine whether the claim is directed to a patent-ineligible concept, *i.e.*, a law of nature, natural phenomenon, or an abstract idea. *Id*.  "[T]he claims are considered in their entirety to ascertain whether their character as a whole is directed to excluded subject matter." *Internet Patents Corp. v. Active Network, Inc*., 790 F.3d 1343, 1346 (Fed. Cir. 2015). If the claims are directed to an abstract idea, then the analysis proceeds to a second step where a court searches for an inventive concept "sufficient to transform the claimed abstract idea into a patent-eligible application." *Uniloc USA, Inc. v. ADP, LLC*, 279 F. Supp. 3d 736, 741 (E.D. Tex. 2017) (citing *Alice*, 134 S. Ct. at 2357). An inventive concept is an element or combination of elements "sufficient to ensure that the claim in practice amounts to 'significantly more' than a patent on an ineligible concept.'" *Id*. (quoting *DDR Holdings, LLC v. Hotels.com, L.P*., 773 F.3d 1245, 1255 (Fed. Cir. 2014)). The court considers whether the elements of each claim "both individually and as an 'ordered combination,'" add enough to "'transform the nature of the claim' into a patent-eligible application." *Alice*, 134 S. Ct. at 2355 (quoting *Mayo Collaborative Servs*., 566 U.S. at 78). The court considers whether the claim elements recite "well-understood, routine, conventional activity already engaged in by the . . . [relevant] community."  *Mayo*, 566 U.S. at 79.  "Purely 'conventional or obvious' '[pre]-solution activity' is normally not sufficient to transform" an unpatentable concept into a patentable one.  *Id*.

## C.    Direct Patent Infringement

"[W]hoever without authority makes, uses, offers to sell, or sells any patented invention . . . infringes the patent."  35 U.S.C. § 271(a).  For a patented method, proof of direct infringement under § 271(a) requires that ***the defendant*** perform every step of the method. *Akamai Techs., Inc. v.*

*Limelight Networks, Inc.*, 797 F.3d 1020, 1022 (Fed. Cir. 2015). "Where more than one actor is involved in practicing the steps, a court must determine whether the acts of one are attributable to the other such that a single entity is responsible for the infringement." *Id.* The conditions for such vicarious liability are limited to "two sets of circumstances: (1) where [the defendant] directs or controls others' performance, and (2) where the actors form a joint enterprise." *Id.*

### D.     Indirect Patent Infringement

#### 1.     Active Inducement

"Whoever actively induces infringement of a patent shall be liable as an infringer." 35 U.S.C. § 271(b). Liability for inducement "requires a showing that the alleged inducer [1] knew of the patent, [2] knowingly induced the infringing acts, and [3] possessed a specific intent to encourage another's infringement of the patent." *Vita–Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1328 (Fed. Cir. 2009); *see also Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754 (2011). "[M]ere knowledge of possible infringement" is insufficient to prove active inducement of the infringement. *DSU Med. Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1305 (Fed. Cir. 2006).

#### 2.     Contributory Infringement

"Whoever offers to sell or sells . . . a component of a patented machine, manufacture, combination or composition, or a material or apparatus for use in practicing a patented process," is liable for contributory infringement if (1) the product "constitute[es] a material part of the invention," (2) the infringer "know[s] the same to be especially made or especially adapted for use in an infringement of such patent," and (3) the product is "not a staple article or commodity of commerce suitable for substantial noninfringing use." 35 U.S.C. § 271(c). "To state a claim for contributory infringement, therefore, a plaintiff must, among other things, plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses." *In*

*re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1337 (Fed. Cir. 2012).

## IV.     ARGUMENT

### A.     The Complaint Fails to State a Plausible Claim for Infringement of the Maria Patents.

The Maria patents are allegedly directed to a method of authenticating a computer's request for access to other computing resources in a network. In the claimed method, the computer wishing to access a network resource "assume[s] the identity" of another "network node" or "network element" that is "pre-authorized to access" the desired network resource, rather than having its request authenticated and authorized by the desired network resource. *See generally* '655 at 5:30-6:10;'090 at 4:59-5:8.

#### 1.     Plaintiff's Threadbare Allegations in the Complaint are Inadequate.

The complaint appears to allege that the claimed method is practiced when the Google Home app on an LG G Series smartphone is used in conjunction with a Google Chromecast device, but the complaint is devoid of any factual allegations explaining how each element of the claimed methods maps onto that process. For both of the asserted Maria patents, the complaint simply recites elements of the asserted claims and states that "[t]he methods practiced by the accused products include [the claim limitation]." D.I. 1 at ¶¶ 21-24, 33-35. For example, the complaint alleges that "[t]he methods practiced by the accused products include *arranging **a network element** in a network, the network element being pre-authorized to access a set of **network resources**,*" parroting the language of the claim. *Compare* D.I. 1 at ¶ 21 *with* '655 patent at 5:31-33. Beyond simply reciting the claim language, the complaint makes no attempt to match its component pieces to elements of the accused products. For example, the complaint does not identify what device is alleged to correspond to the "***network element***." From the allegations in the complaint, one cannot determine whether the

6

"*network element*" is the accused LG G Series device, a Google Chromecast, or something else that is performing each step in the asserted method claim. Similarly, the complaint fails to identify what aspects of the accused device corresponds to the claimed "*network resources*" that the network element is preauthorized to access. The remaining elements of the asserted claims receive similar treatment in the complaint.

The only allegations in the complaint that do not simply parrot back the language of the asserted claims are a pair of screenshots from Google websites describing **Google's Chromecast** product and how to use it with devices running the Android operating system. But these screenshots do not add sufficient factual matter to make out a plausible claim for relief. Even if what is depicted in the screenshots is assumed to be true, the complaint does not identify (1) how these images relate to the accused LG G Series device as opposed to Google Chromecast, which is a separate device and not part of the accused LG G Series device, (2) what claim limitations are alleged to be depicted in the screenshots, or (3) otherwise how information in the screenshots allegedly corresponds to the various limitations of the claimed methods. Simply put, with no explanation or information provided in the complaint, it is not possible to tell how American Patents alleges that the various steps of the method claims are performed by the accused products.

This case is unlike *Disc Disease Solutions Inc. v. VGH Solutions, Inc.*, in which the Federal Circuit found it sufficient for the plaintiff's complaint to allege generally that the defendant's products met each and every element of the claims.  888 F.3d 1256, 1260 (Fed. Cir. 2018). There, the case "involve[d] a simple technology," an inflatable spinal brace.  *Id.* at 1257-58, 1260. The language of the claims was directed to visible, physical components of the accused device. *See id.* at 1257-58. Thus, the court concluded that it was enough to list the patents, identify the accused

devices and "attach[] photos of the product packaging as exhibit," as that was "enough to provide [the defendant] fair notice of infringement." *Id.* at 1260.

Here, by contrast, the claims are directed to a method of authenticating requests for shared network resources in a computer network. Far from being a "simple technology," carrying out the claimed authentication process would involve complicated electronics and communications protocols. Unlike *Disc Disease*, where a photo was sufficient because the claims were directed to visually identifiable components, the claimed elements here—"network element," "network resources," etc.—cannot be seen or otherwise readily identified simply by knowing what product is accused. Therefore, the allegations in American Patents' complaint fail to give "fair notice of infringement." *Id.*

In sum, American Patents' boilerplate allegations are insufficient to make out a plausible claim of patent infringement.  The complaint simply states that the accused products contain each element of the claims with no factual support for those conclusions.  Because such "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a plausible claim for relief, the complaint's allegations regarding the Maria patents should be dismissed.  *Iqbal*, 556 U.S. at 687.

**2.     Plaintiff's Direct Infringement Claim Fails as a Matter of Law.**

Although the infringement claims relating to the Maria patents should be dismissed for the reasons detailed above, the claims of direct infringement under 35 U.S.C. § 271(a) should also be dismissed because sales of a device do not infringe a patented method of using the device.

The complaint alleges LGE has infringed "at least Claim 5 of the '655 Patent" and "at least Claim 1 of the '090 Patent." D.I. 1 at ¶¶ 19, 31. Each of these claims is directed to a method containing several steps, such as "receiving, at the network element, a request from a user to connect to the network element" and "accessing, by the user, one of the set of network resources that the

network element is pre-authorized to access." '655 at 6:1-2, 6:7-8.  The complaint alleges LGE has infringed these claims "by making, having made, using, importing, providing, supplying, distributing, selling or offering for sale *systems utilizing a method*," namely the LG G Series of products.  D.I. 1 at ¶¶ 20, 32 (emphasis added).

Plaintiff's theory fails as a matter of law.  Even if the *use* of the accused G Series device could in some circumstances infringe the Maria patents' method claims, LGE's sales of the accused device do not infringe the claims because "[m]ethod claims are only infringed when the claimed process is performed, not by the sale of an apparatus that is capable of infringing use." *Ormco Corp. v. Align Tech., Inc.*, 463 F.3d 1299, 1311 (Fed. Cir. 2006); *see also Ericsson, Inc. v. D-Link Systems, Inc.*, 773 F.3d 1201, 1220-1222 (Fed. Cir. 2014).

That principle of law bars direct infringement liability for LGE's sales of the accused G Series smartphone device. The complaint does not allege that LGE itself performs the patented methods using the accused products. Nor does the complaint allege that purchasers of the accused products perform the steps of the patented methods in circumstances giving rise to vicarious liability for LGE  *Cf. Akamai*, 797 F.3d at 1022 (prescribing vicarious liability "(1) where [the defendant] directs or controls others' performance, and (2) where the actors form a joint enterprise").  The complaint simply asserts that LGE has infringed the patented method by selling devices capable of performing the method, but as a matter of law, that cannot be.

### 3.    The Complaint Does Not Include Any Facts to Show the Accused Products, as Sold by LGE, Directly Infringe.

Plaintiff's allegations of direct infringement also fail for another independent reason: LGE does not sell devices possessing the features depicted in the complaint. The website screenshots in the complaint depict instructions for using the Google Home application with a Google Chromecast device. *See* D.I. 1 at ¶¶ 22-23, 33-34. The complaint does not allege that LGE includes the Google

Home application with the accused devices as sold, nor does it allege that LGE sells the Google Chromecast device alongside the accused devices. If a user wishes to use the Google Home application on an accused LG G Series device, they must download and install the application after purchasing the device. Similarly, if a user wishes to use their LG G Series smartphone with a Google Chromecast device, they must purchase a Chromecast separately from Google or another retailer. The devices sold by LGE are not capable of performing the functions depicted in the complaint without modification by the user. And even if there are some LG G Series users who choose to install the Google Home application, purchase a Google Chromecast, and use their G Series smartphone in conjunction with their Google Chromecast, the complaint alleges no basis for those actions to be attributed to LGE.  *Cf. Akamai*, 797 F.3d at 1022.  For this independent, additional reason, American Patents' claims of direct infringement of the Maria patents should be dismissed.

### B.  The Complaint Fails to State a Plausible Claim for Infringement of the Wells Patents.

The Wells patents are allegedly directed to a virtual input control by detecting a movement and determining if the movement is within the virtual input space, *i.e.* receiving and processing sensor data. This is accomplished with multiple sensors and a controller wherein one sensor detects the "location of a user input" and the other sensor detects "motion at a virtual input location." *See generally* '584 at 10:02-07; '674 at 10:20-24; '543 at 9:58-62. The controller processes the sensor data to determine whether the detected motion is in a virtual input space and thus reads the input command. *See generally* '584 Patent at 10:08-11; '674 Patent at 10:25-28; '543 Patent at 9:63-67.

### 1.  Plaintiff's Threadbare Allegations in the Complaint are Inadequate.

The complaint appears to allege that the accused products include (a) a location sensing device, (b) a motion sensing device, and (c) a controller coupled to the (a) location sensing device and (b) the motion sensing device as recited in the claims. D.I. 1 at ¶¶ 44-46, 55-57, 66-68. Notably,

however, the complaint does not include any factual allegations about what the specific motion sensing device, location sensing device, and controller are. Nor does the complaint explain how the controller is coupled with the motion sensing and location sensing devices or how they correlate with one another. Although the complaint appears to include images from an accused device user manual, these screenshots do not provide sufficient facts to make out a plausible claim for relief, and further appear to mix functionalities of the accused products. For example, supposedly associated with (a) the location sensing claim limitation, the complaint includes a screenshot regarding (i) turning off a screen during a call based on proximity to the human body, (ii) analyzing ambient light intensity for auto-brightness control, and (iii) auto-focus for a camera. *Id.* ¶¶ 44, 55, 66. For (b) the motion sensing claim limitation, the complaint includes a screenshot for functionalities relating to (iv) Gesture Shot for taking selfie, and (v) Gesture view for selfies. *Id.* ¶¶ 45, 56, 67. For (c) the controller claim limitation, the complaint includes a screenshot that describes features of (iv) Gesture Shot, (v) Gesture view, and (vi) silencing incoming calls, but does not include anything supposedly associated with the location sensor claim limitation or functionalities (i), (ii), and (iii). *Id.* ¶¶ 46, 57, 68.

Even if what is depicted in the screenshots is assumed to be true, the complaint does not identify what claim limitations are alleged to correspond with the information included in the screenshots. Simply put, without explanation or information provided in the complaint, one must guess as to how American Patents alleges that the accused products supposedly meet the claim limitations. Thus, the allegations in American Patents' complaint regarding the Wells patents fail to give "fair notice of infringement."

## 2.     The Claims are Patent Ineligible Under 35 U.S.C. § 101.

The Wells patents are not patent eligible because they fail both prongs of the *Alice* test. As discussed above, the asserted claims of the Wells patents are directed to receiving and processing sensor data.  Specifically, Claim 1 of the '584 patent recites:

> 1.  A device comprising:
>
> a position sensing device for determining a location of a user input actuator at a virtual input location;
>
> a motion sensing device including an electromagnetic transceiver module for detecting motion at the virtual input location; and
>
> a controller coupled to the position sensing device and the motion sensing device, the controller determining whether a portion of the user input actuator is within the virtual input location in space defining the virtual input.

'584 patent at 10:2-11.  Claim 1 of the '543 patent recites:

> 1.  A device comprising:
>
> an electromagnetic sensor module configured to determine a location of a user input at a virtual input location;
>
> a camera configured to detect motion at the virtual input location; and
>
> a controller coupled to the electromagnetic sensor and the camera, wherein the controller is configured to determine whether a portion of the user input is within the virtual input location in a space that defines a virtual input.

'543 patent at 9:58-67.  Claim 1 of the '674 patent recites:

> 1.  A device comprising:
>
> a location sensor configured to detect a location of a user input;
>
> a motion sensor configured to detect motion at a virtual input location; and
>
> a controller configured to determine whether at least a portion of the motion at the virtual input location detected by the motion sensor is at the location of the user input detected by the location sensor.

'674 patent at 10:20-28.

In the first *Alice* step, the Wells patents describe three functions directed to the abstract idea of gathering data and processing that data. The first two functions: a location sensor receiving sensor data signals, and (2) a motion sensor receiving sensor data signals, constitute mere data gathering,

12

an abstract idea. *See Elec. Power Grp., LLC v. Alstom S.A.*, 830 F.3d 1350, 1353 (Fed. Cir. 2016) ("[C]ollecting information, including when limited to particular content (which does not change its character as information), [i]s within the realm of abstract ideas."). The third function, in which a controller is configured to determine whether motion is at certain location, is mere data analysis of the data from the two sensors, which is also an abstract idea. *See id.* (finding that analyzing information, without more, is a mental process within an abstract idea). Each of these functions are things that "can be performed by human thought alone," and thus are not patent-eligible under Section 101. *CyberSource Corp. v. Retail Decisions, Inc.*, 654 F.3d 1366, 1373 (Fed. Cir. 2011). Further, the Wells patents are similar to claims that the Federal Circuit has held to "be an abstract idea in part because they use function-based claiming." *Immersion Corp. v. Fitbit, Inc.*, 313 F. Supp. 3d 1005, 1028 (N.D. Cal. 2018) (citing *Two-Way Media Ltd. v. Comcast Cable Commc'ns, LLC*, 874 F.3d 1329 (Fed. Cir. 2017)). The Federal Circuit has held that "claims were directed to an abstract idea in part because the claims used 'result-based functional language' such as 'converting,' 'routing,' 'controlling,' 'monitoring,' and 'accumulating records' without 'sufficiently describing how to achieve these results in a non-abstract way.'" *Id.* (quoting *Two-Way Media*, 874 F.3d at 1337). Here, the Wells patents require that a location sensor and a motion sensor provide data to a controller that determines whether the motion is in a specific location, but the Wells patents do not disclose how to do these functions. The Wells patents provide no guidance of how a controller makes such a determination. Thus, the Wells patents are directed to an abstract idea.

In the second *Alice* step, the claims do not provide any "inventive concept" and do not disclose any new technologies, algorithms, devices, or other inventions. The required devices in the Wells patents, either a location sensor ('584 patent and '674 patent), an electromagnetic location sensor ('543 patent), a motion sensor ('674 patent), a camera motion sensor ('543 patent), an

13

electromagnetic motion sensor ('584 patent), or a controller (all Wells patents), are all generic, and thus do not provide any inventive concept.  *See id.* at 1030; *Elec. Power Grp.*, 830 F.3d at 1355; *Uniloc*, 279 F. Supp. 3d at 748.  There is further no inventive concept in the way the controller processes and analyzes the data.  *See Elec. Power Grp.*, 830 F.3d at 1355; *see also Cellular Commc'ns Equip. v. AT&T Inc.*, No. 2:15-cv-00576-RWS-RSP, 2017 WL 2984074, at *4 (E.D. Tex. June 27, 2017) (granting a motion to dismiss for unpatentable subject matter where the claims only required conventional equipment and "[n]othing in the patent suggests the equipment and steps are any different than the equipment and steps necessary. . . in a conventional implementation").  Rather, the Wells patents merely describe the controller as processing the data received from the sensors, and the Wells patents do not disclose any inventive algorithm or structure for processing or analyzing the data.

Accordingly, the Wells Patents are patent ineligible under Section 101 and Plaintiff's infringement claims should be dismissed.

### C.     The Complaint Fails to State Any Plausible Claim for Indirect Infringement.

Separate from the direct infringement allegations, the indirect infringement allegations should be dismissed for failure to state a claim because, as to those claims, the complaint contains only "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements."  *Iqbal*, 556 U.S. at 687.

### 1.     Plaintiff's Generic Induced and Contributory Infringement Claims Fail to Meet Pleading Requirements and Should be Dismissed.

The complaint's allegations of indirect infringement are even more generic than its allegations regarding direct infringement of the asserted patents.  The allegations regarding induced infringement for all asserted patents are contained in two paragraphs. The first alleges that LGE "has induced the end-users, LG's customers, to directly infringe" the asserted patents "by using the

14

accused products" because LGE "took active steps . . . with the specific intent to cause [its users] to use the accused products in a manner that infringes one or more claims of the patents-in-suit." D.I. 1 at ¶ 72. According to the complaint, "[s]uch steps by LG included, among other things, advising or directing customers and end-users to use the accused products in an infringing manner; advertising and promoting the use of the accused products in an infringing manner; and/or distributing instructions that guide users to use the accused products in an infringing manner." *Id.*

This first paragraph fails to meet the requisite pleading standards. In attempting to state a claim for active inducement, the paragraph generically recites factors that could lead to a finding of inducement—"advising or directing customers," "advertising and promoting," etc.— with respect to all of the asserted patents (which claim very different features), without providing any support for the conclusory statements, such as by identifying specific examples or actions taken by LGE to advertise, direct or instruct users to use the accused products in an allegedly infringing fashion. *See id.* American Patents' conclusory statements are even made in the alternative, so that it is impossible to know which, if any, of the factors apply to LGE. *See id.* ("steps by LG included … advising or directing customers and end-users … advertising and promoting the use … ***and/or*** distributing instructions.") (emphasis added). The very same statements could be made about any claim of active inducement in any case.

The second paragraph of allegations regarding active inducement fares no better. That paragraph alleges that LGE has "induced its affiliates, or third-party manufacturers, shippers, distributors, retailers, or other persons acting on its or its affiliates' behalf … by importing, selling or offering to sell the accused products." Like the first paragraph, the remainder of the second paragraph recites conclusory allegations of factors that may establish inducement liability, but the allegations are generic to all asserted patents. D.I. 1 at. ¶ 73.

15

Neither paragraph regarding active inducement ties any specific activities undertaken by LGE to third-party uses of the accused devices that allegedly infringe the patents.  Nor are there allegations found elsewhere in the complaint, such as the complaint's allegations regarding direct infringement, that provide the requisite detail to render American Patent's indirect infringement allegations plausible.  For example, with regard to alleged direct infringement of the Maria patents, the complaint includes two screenshots depicting instructions for using the Google Home application to set up a Google Chromecast device and a general advertisement for the features of Chromecast. D.I. 1 at ¶¶ 22-23, 33-34. Even if these screenshots advertise or instruct users on infringing conduct, they are taken from *Google* websites, not from LGE's website or other materials. Google's website materials are not statements of, nor actions by LGE to advertise or instruct users. These screenshots cannot support a claim that LGE has actively induced infringement of the Maria patents.

Plaintiff's similarly conclusory contributory infringement allegations are contained in a single paragraph.  The complaint contains no specific factual allegations for the asserted patents other than reciting the accused features and parroting the legal standard, without more, that they "constitute a material part of the invention of one or more of the [asserted] claims . . . and are not staple articles of commerce suitable for substantial non-infringing use."[2]  D.I. at ¶ 74.  The accused features themselves are defined in generic, circular terms—for example, as to the Maria patents, "initiation and/or control of Internet streamed content . . . in a manner that infringes" the asserted

---

[2] While the complaint alleges that the "special features" constitute a material part of the invention and are not staple articles of commerce, the question is not whether the *special features* meet those requirements but whether the accused devices as a whole meet those requirements.  Section 271(c) prohibits sales of "a *component* of a patented machine, manufacture, combination or composition, or a *material or apparatus* for use in practicing a patented process."  35 U.S.C. § 271(c).  Because LGE sells the accused products as complete devices, rather than selling the accused features individually, the question for LGE's potential liability is whether the entire device it sells "constitut[es] a material part of the invention" and is "not a staple article or commodity of commerce suitable for substantial noninfringing use."  *Id.*

16

patents.  D.I. at ¶ 18, 30. Defining the allegedly infringing component as "features that infringe" does not give fair notice of what the allegedly infringing component is.[3]

The generic nature of the indirect infringement allegations (both induced and contributory infringement) is further demonstrated by the fact that they are copied verbatim in each of the eleven complaints American Patents filed with the Court.  The only differences among the complaints are that the defendants' names and the asserted patent numbers have been changed and that in one of the complaints, *American Patents LLC v. Hisense Co., Ltd.*, Civ. No. 4:18-768, the indirect infringement allegations are stated twice (inadvertently, it seems) for three of the asserted patents.

In sum, given that the complaint contains only "[t]hreadbare recitals" regarding active inducement and contributory infringement with no factual matter to support it, the indirect infringement allegations should be dismissed for failure to state a claim.

### 2. At a Minimum, Plaintiff's Indirect Infringement Claims Directed to Pre-Suit Conduct Should be Dismissed.

Although the complaint's allegations of indirect infringement should be dismissed in their entirety for the reasons discussed above, they should also be dismissed as to conduct occurring prior to the filing of the complaint for the additional reason that the complaint fails to allege that LGE had knowledge of the asserted patents prior to the filing of the complaint.

Both active inducement and contributory infringement require that the defendant have knowledge of the asserted patent, so a complaint must contain sufficient factual allegations to permit an inference that the defendant had such knowledge.  *Babbage Holdings, LLC v. Activision Blizzard, Inc.*, Civ. No. 2:13-750-JRG, 2014 WL 2115616 (E.D. Tex. May 15, 2014), at *2.  The complaint

---

[3] The definition is also circular:  The allegedly infringing component is identified and defined by the fact that it infringes the patents.  If an allegedly infringing component could be defined by the fact of its infringement, there would be no purpose to the statute's third element, which is that the component is "not a staple article or commodity of commerce *suitable for substantial noninfringing use*."  § 271(c).

here does not allege that LGE had knowledge of the patents prior to the filing of this suit. To the contrary, the complaint alleges that LGE has had knowledge "at least as of the date when it was notified of the filing of this action." *See* D.I. 1 at ¶¶ 25, 36, 47, 58, 69.  Thus, the complaint includes no allegations to support a claim of indirect infringement prior to the filing of this suit.

To the extent that American Patents seeks to rely on a theory of willful blindness, its allegations simply are not plausible.  The complaint alleges that LGE "has a policy or practice of not reviewing the patents of others (including instructing its employees to not review the patents of others), and thus has been willfully blind of American Patents' patent rights."  D.I. 1 at ¶ 75.  But American Patents offers no evidence or factual basis for that allegation—not a policy, a memo, an email, or even a rumor—and, tellingly, American Patents makes identical accusations against each of the other defendants in the ten other complaints. American Patents' unsupported allegation of willful blindness is precisely the type of implausible claim that the Supreme Court rejected in *Twombly* and *Iqbal*.

Without any allegations supporting the requirement that LGE had knowledge of the asserted patents prior to the current suit, American Patents' allegations of indirect infringement are not plausible and should be dismissed.

**D.    The Complaint Fails to State a Plausible Claim for Willful Infringement of Any Asserted Patent.**

Finally, American Patents' claim of willful infringement should also be dismissed because the complaint fails to make out a plausible claim for relief.  Enhanced damages for willful infringement are "generally reserved for egregious cases of culpable behavior."  *Halo Elec., Inc. v. Pulse Elec., Inc.*, 136 S. Ct. 1923, 1932 (2016). As a result, general and formulaic assertions of willful infringement are insufficient at the pleading stage. *See, e.g.*, *Varian Med. Sys., Inc. v. Elekta AB*, C.A. No. 15-871-LPS, 2016 WL 3748772, at *8 (D. Del. July 12, 2016).

The complaint alleges that LGE's infringement "is, has been, and continues to be willful, intentional, deliberate, and/or in conscious disregard of American Patents' rights under the patents." D.I. 1 at ¶ 77.  But the complaint pleads no factual matter to support this conclusory statement. While "subjective willfulness of a patent infringer, intentional or knowing, may warrant enhanced damages," *Halo*, 136 S. Ct. 1932-33, the complaint does not allege that LGE had knowledge of the asserted patents prior to the filing of this suit, as noted above. Without any allegations that LGE had knowledge of the asserted patents prior to the current suit, Plaintiff's allegation that LGE's infringement "has been . . . willful, intentional, deliberate, and/or in conscious disregard of American Patents' rights under the patents" is not plausible.

Two other allegations in the complaint appear to relate to willful infringement. The first is the conclusory allegation that LG's actions are at least objectively reckless as to the risk of infringing valid patents and this objective risk was either known or should have been known by LG."  D.I. 1 at ¶ 76. No specific "objectively reckless" actions, however, are alleged in the complaint. Such conclusory assertions are not entitled to the presumption of truth at the pleading stage. *Iqbal*, 556 U.S. at 681.

The second allegation that appears to relate to willfulness is the allegation that LGE "has a policy or practice of not reviewing the patents of others (including instructing its employees to not review the patents of others), and thus has been willfully blind of American Patents' patent rights." D.I. 1 at ¶ 75.  As explained above, this allegation is unsupported and implausible. It cannot support a claim depending on LGE's having knowledge of the patents prior to suit.  Accordingly, the willful infringement claims should be dismissed for failure to state a claim.

19

## V.  CONCLUSION

For the foregoing reasons, LGE respectfully requests that American Patents' Original Complaint for Patent Infringement alleging direct infringement, indirect infringement, and willful infringement of claims in the Maria and Wells patents be dismissed pursuant to Rule 12(b)(6).


Dated: December 28, 2018

/s/ *Jennifer Parker Ainsworth*
Jennifer Parker Ainsworth
Texas Bar No. 00784720
jainsworth@wilsonlawfirm.com
WILSON, ROBERTSON & CORNELIUS, P.C.
909 ESE Loop 323, Suite 400
Tyler, TX 75701
Telephone:      (903) 509-5000
Facsimile:      (903) 509-5092

R. Tyler Goodwyn, IV (D.C. Bar. No. 469685)
tyler.goodwyn@dentons.com
Eric Y. Wu (D.C. Bar No. 995396)
eric.wu@dentons.com
DENTONS US LLP
1900 K Street NW
Washington, DC 20006
Telephone: (202) 496-7500
Facsimile: (202) 496-7756

*Attorneys for Defendants LG Electronics Inc.,*
*LG Electronics U.S.A., Inc., LG Electronics*
*Mobilecomm U.S.A., Inc., and LG Electronics*
*Alabama, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on December 28, 2018.

*/s/ Jennifer Parker Ainsworth*_____
Jennifer Parker Ainsworth
